# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GAIL CUSTADIO,
Administratrix of the Estate of Stephen Custadio  )

               Plaintiff,

v.

EUROPEAN COLOUR, PLC

               Defendant.

MAGISTRATE JUDGE *Nkw Mas*

Civil Action No.

**05   10556   JLT**

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.

## NOTICE OF REMOVAL

Defendant European Colour, PLC ("European Colour") pursuant to 28 U.S.C. § 1446,

files this Notice of Removal of the above-captioned action from the Bristol Superior Court,

Bristol County, Massachusetts where it is denominated as Civil Action No. 05-50-B, to the

United States District Court for the District of Massachusetts. As grounds for this removal,

European Colour states as follows:

    1.    Without admitting, and expressly denying, the validity of service, and reserving

the right to challenge the sufficiency of process and the sufficiency of service of process, on or

about March 3, 2005, Plaintiff Gail Custadio, Administratrix of the Estate of Stephen Custadio

("Custadio") provided to European Colour a copy of a Complaint filed by Custadio in this action.

A true and accurate copy of the Complaint and Summons provided to European Colour in this

action is attached hereto as Exhibit A.

    2.    Without admitting, and expressly denying, the validity of Custadio's causes of

action, the amount in controversy in this action, based upon information and belief, exceeds the

sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Custadio

has claimed in the Civil Action Cover Sheet filed with the Bristol Superior Court that Plaintiff's decedent suffered damages of $211,830.00.

3.    In the Complaint, Custadio alleges that she is a resident of Bristol, Massachusetts and is a Massachusetts citizen. European Colour is a foreign corporation organized under the laws of England and Wales with a principal place of business at Hempshaw Lane, Stockport, Cheshire, United Kingdom.

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action is between a citizen of Massachusetts and a citizen of the United Kingdom and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Removal of this action is therefore proper pursuant to 28 U.S.C. § 1441.

5.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

6.    By this Notice of Removal, European Colour is not waiving, and expressly reserves its substantive and procedural defenses, including but not limited to, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and that the Complaint fails to state a claim upon which relief can be granted.

7.    In accordance with Local Rule 81.1, European Colour will file with this Court attested copies of all records, proceedings and docket entries in the state court within thirty (30) days.

WHEREFORE, this action should be removed to the United States District Court for the District of Massachusetts.

EUROPEAN COLOUR, PLC

By their attorneys,

J. William Codinha, BBO No. 087740
Timothy W. Mungovan, BBO No. 600702
Gina M. McCreadie, BBO No. 661107
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Tel:  (617) 345-1000
Fax:  (617) 345-1300

Dated:  March 22, 2005

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. 05-50-B

[SEAL]

Gail Custadio, Administratrix of the Estate of Stephen Custadio _____, Plaintiff (s)

v.

European Colour, PLC _____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT : EUROPEAN COLOUR, PLC

You are hereby summoned and required to serve upon Jodi M. Petrucelli, Sugarman and Sugarman, P.C. _____

plaintiff's attorney, whose address is One Beacon Street, 13th Floor, Boston, MA 02108 an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Fall River, MA _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse ~~XXXXXXXXXXXXXX~~ Adm. Justice of the Superior Court Dept. of the Trial Court, at ~~Taunton~~ Fall River, the twenty-fourth day of February _____, in the year of our Lord two thousand and five _____

*May Navlo, Esq.*
Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

18C 24

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy
of the within summons, together with a copy of the complaint in this action, upon the
within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)  (1-5) :

_____

_____

_____

_____

Dated: _____, 20___

N.B.  TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| | |
|---|---|
| | , 20 |

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No.    05-50-B

BRISTOL, ss.

Gail Custadio, Administratrix
of the Estate of Stephen Custadio, Plaintiff (s)

v.

European Colour, PLC _____, Defendant (s)

SUMMONS
(Mass. R. CIV. P. 4)

RETURN TO:

Jodi M. Petrucelli, Esq.
Sugarman and Sugarman, P.C.
One Beacon Street, 13th Floor
Boston, MA 02108
(617) 542-1000

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

GAIL CUSTADIO, ADMINISTRATRIX OF
THE ESTATE OF STEPHEN CUSTADIO,

Plaintiff

vs.

No.   05-50-B

EUROPEAN COLOUR PLC,

Defendant

## COMPLAINT

### The Parties

1.    The plaintiff, Gail Custadio, Administratrix of the Estate of Stephen
Custadio, resides at 653 Highland Avenue, Dartmouth, County of Bristol,
Commonwealth of Massachusetts.

2.    At all material times the plaintiff, Gail Custadio, was the wife of the late
Stephen Custadio.

3.    The defendant, European Colour PLC, is a foreign corporation with an
usual place of business at Hempshaw Lane, Stockport, Cheshire, United Kingdom.

2

## The Facts

4.    The defendant, European Colour PLC, regularly conducts business within the Commonwealth of Massachusetts and regularly received profits from business conducted within the Commonwealth of Massachusetts.

5.    On or about November 20, 2003, the plaintiff's decedent, Stephen Custadio, was working within the scope of his employment at Roma Color, Inc. (E.C. Pigments USA), Fall River, County of Bristol, Commonwealth of Massachusetts.

6.    On the above date and place, while Mr. Custadio was standing on a materials lift, and exercising due care, the lift suddenly and without warning fell approximately two stories resulting in injury to Stephen Custadio.

7.    At all material times, the defendant, European Colour PLC, controlled, supervised, directed and/or was involved and responsible for the operation, safety, and supervision of Roma Color, Inc. and owed a duty to Roma Color, Inc. and its employees to ensure a safe work place.

8.    The incident described above was a result of the carelessness and negligence and/or gross negligence of the defendant, its servants, agents, employees and/or others for whom it may be legally responsible.

9.    As a result of the carelessness and negligence of the defendant as described above, the plaintiff's decedent suffered fatal injuries resulting in his death. After the incident described above and before his death, Stephen Custadio endured conscious pain and suffering.

10.    The plaintiff's decedent, Stephen Custadio, left surviving next of kin.

3

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by Reference
All of Those Paragraphs Previously Set Forth)

First Cause of Action

11.    This is an action by the plaintiff, Gail Custadio, Administratrix of the Estate of Stephen Custadio, against the defendant, European Colour PLC, for negligence resulting in personal injuries suffered by the decedent prior to his death.

Second Cause of Action

12.    This is an action by the plaintiff, Gail Custadio, Administratrix of the Estate of Stephen Custadio, against the defendant, European Colour PLC, for negligence resulting in the death of Stephen Custadio for the use of benefit of the next of kin of said decedent in accordance with the provisions of M.G.L. c. 229.

Third Cause of Action

13.    This is an action by the plaintiff, Gail Custadio, Administratrix of the Estate of Stephen Custadio, against the defendant, European Colour PLC, for punitive damages in causing the death of Stephen Custadio through gross negligence in accordance with the provisions of M.G.L. c. 229.

### Demands for Relief

14.    The plaintiff, Gail Custadio, as Administratrix of the Estate of Stephen Custadio, demands judgment against the defendant, European Colour PLC, with interest and costs, as to the First, Second and Third Causes of Action.

4

<u>Jury Claim</u>

15.  The plaintiff claims a trial by jury.

PLAINTIFF,

By Her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

Neil Sugarman - BBO #484340
Jodi M. Petrucelli - BBO #561911
One Beacon Street
Boston, MA  02108
(617) 542-1000

Dated: January 13 , 2005

IMAN 145990v1

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: Bristol |
|---|---|---|

| PLAINTIFF(S) Gail Custadio, Administratrix of the Estate of Stephen Custadio | DEFENDANT(S) European Colour PLC |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  617-542-1000<br>Neil Sugarman - BBO#484340<br>Jodi M. Petrucelli - BBO#561911<br>Sugarman and Sugarman, P.C., One Beacon St.,<br>Board of Bar Overseers number: 13th Floor, Boston, MA 02108 | ATTORNEY (if known) |

**Origin code and track designation**

Place an X in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B08 | Wrongful Death | ( A ) | [X] YES   [ ] NO |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims. Indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ....................................................................
2. Total Doctor expenses ......................................................................
3. Total chiropractic expenses ...............................................................
4. Total physical therapy expenses ...........................................................
5. Total other expenses (describe) ........................................................... 100,000.00
   Subtotal $
B. Documented lost wages and compensation to date ....................... OVER ...............................
C. Documented property damages to date ....................................................... 100,000.00
D. Reasonably anticipated future medical and hospital expenses ................................
E. Reasonably anticipated lost wages .................................... PER YEAR ...........................
F. Other documented items of damages (describe) ....... FUNERAL EXPENSES
   $11,830.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

On November 20, 2003, Stephen Custadio, husband of Gail Custadio, was killed when a mechanical lift fell two flights to the ground. Prior to his death, Mr. Custadio suffered great pain and anguish.
   211,830.00
   TOTAL $ 211,830.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

   TOTAL $

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT**

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 1/13/05

A.O.T.C.-6 mtc005 11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

---

GAIL CUSTADIO, ADMINISTRATRIX OF
THE ESTATE OF STEPHEN CUSTADIO,

Plaintiff

vs.

No. 05-50-B

EUROPEAN COLOUR PLC,

Defendant

---

## MOTION TO APPOINT SPECIAL PROCESS SERVER
## AND TO EXTEND TIME FOR SERVICE OF PROCESS
## ON THE DEFENDANT, EUROPEAN COLOUR PLC

The plaintiff moves that APS International, Ltd. be appointed special process server for the purpose of serving the defendant, European Colour PLC, pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, 20 UST 361. The plaintiff moves that an Order in the form attached hereto as "A" enter to appoint APS International, Ltd.

The plaintiff further moves that the time within which they must serve European Colour PLC, pursuant to the Hague Convention, be extended to three (3) months from the date of allowance of this Motion. As grounds for this extension, the plaintiff states as follows:

2

1.    the defendant, European Colour PLC, is a foreign corporation based in Stockport, United Kingdom;

2.    the plaintiff must serve European Colour PLC with the Summons and Complaint in this matter in accordance with the requirements of the Hague Convention and International law;

3.    APS International, Ltd. is an international process server with the ability to properly serve European Colour PLC in the United Kingdom;

4.    plaintiff's counsel has been informed by APS International that service in the United Kingdom, pursuant to the Hague Convention, normally takes 12 to 16 weeks.

THEREFORE, the plaintiff reasonably believes that three (3) months from the date of allowance of this Motion will be sufficient to complete service on European Colour PLC, pursuant to the Hague Convention.

PLAINTIFF,

By Her Attorneys,

SUGARMAN AND SUGARMAN, P.C.

Neil Sugarman - BBO #484340
Jodi M. Petrucelli - BBO #561911
One Beacon Street
Boston, MA  02108
(617) 542-1000

Dated: February ___ 7 ___, 2005

IMAN 158843v1

EXHIBIT "A"

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

---

GAIL CUSTADIO, ADMINISTRATRIX OF
THE ESTATE OF STEPHEN CUSTADIO,

                Plaintiff

vs.

EUROPEAN COLOUR PLC,

                Defendant

No.  05-50-B

---

## ORDER TO APPOINT SPECIAL PROCESS SERVER

IT IS HEREBY ORDER THAT:

    APS International, Ltd. is authorized to effect service or process on the

defendant, European Colour PLC, in the United Kingdom in accordance with the Hague

Convention and international law.


Dated:_____, 2005          _____

                                          , J.

IMAN 158844v1

EXHIBIT "A"

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

---

GAIL CUSTADIO, ADMINISTRATRIX OF
THE ESTATE OF STEPHEN CUSTADIO,

Plaintiff

vs.

EUROPEAN COLOUR PLC,

Defendant

---

No. 05-50-B

## ORDER TO APPOINT SPECIAL PROCESS SERVER

IT IS HEREBY ORDER THAT:

APS International, Ltd. is authorized to effect service or process on the

defendant, European Colour PLC, in the United Kingdom in accordance with the Hague

Convention and international law.

Dated: _Feb 22_, 2005

_____
E Sua Cansc , J.

IMAN 158844v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___Custadio v. European Colour, PLC___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

☑ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

☐ IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

☐ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
                                                                    YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES ☐    NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES ☐    NO ☑

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☑        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                    YES ☐    NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   J. William Codinha, Timothy W. Mungovan, Gina M. McCreadie, Nixon Peabody LLP
ADDRESS   100 Summer Street, Boston, MA  02110
TELEPHONE NO.   (617) 345-1000

(CategoryForm.wpd - 2/15/05)

℠JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Gail Custadio, Administratrix of the Estate of Stephen Custadio

**(b)** County of Residence of First Listed Plaintiff   Bristol County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Neil Sugarman, Jodi M. Petrucelli, Sugarman and Sugarman, P.C.
One Beacon Street, Boston, MA  02108, (617) 542-1000

## DEFENDANTS

European Colour, PLC

County of Residence of First Listed Defendant   United Kingdom
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

J. William Codinha, Timothy W. Mungovan, Gina M. McCreadie
Nixon Peabody LLP, 100 Summer St., Boston, MA 02110, 345-1000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                 and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS– Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Negligence resulting in personal injuries suffered by decedent before death

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   211,830.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   March 22 2005

SIGNATURE OF ATTORNEY OF RECORD   Timothy W. Mungovan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____