IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GAIL CUSTADIO,<br>Administratrix of the Estate of Stephen Custadio<br><br>            Plaintiff,<br>v.<br><br>EUROPEAN COLOUR PLC<br><br>            Defendant. | Civil Action No. 05-CV-10556-JLT |

**DEFENDANT EUROPEAN COLOUR PLC'S MOTION FOR LEAVE
TO EXCEED THE PAGE LIMITATION FOR ITS MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant Local Rule 7.1(B)(4) of the United States District Court for the District of Massachusetts, Defendant European Colour plc ("European Colour"), through its counsel, moves this Court for leave to exceed the twenty (20) page limitation for its memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative for Summary Judgment (the "Motion"). European Colour requests this Court to enter an Order allowing European Colour to submit a memorandum in support of its Motion not to exceed thirty (30) pages. The deadline for filing the Motion is Wednesday, April 27, 2005.

In support of this motion, European Colour states as follows:

1. European Colour's Motion is based on several procedural and substantive grounds that require in-depth legal analysis. For example, European Colour is moving to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). This argument requires substantial analysis of whether this Court has the power to exercise general or specific *in personam* jurisdiction over an ultimate parent corporation incorporated under the laws of England and

BOS1486616.1

Wales and whether this Court should pierce a subsidiary's corporate veil to hold an ultimate parent corporation subject to jurisdiction in this Court.

2.      European Colour is also moving for summary judgment on several grounds that require substantial analysis. For example, European Colour argues that as the ultimate parent corporation, it has no duty to provide a safe working environment for a subsidiary's employees. In addition, European Colour argues that this Court should not pierce the corporate veil of a subsidiary to hold the ultimate parent corporation liable for the activities of a subsidiary and, even assuming *arguendo* that this Court could pierce the corporate veil, the Massachusetts Worker's Compensation Act bars Plaintiff's claims against an ultimate parent corporation when the Plaintiff is already receiving worker's compensation benefits.

3.      Despite European Colour's best efforts, it cannot adequately support its motion in a twenty-page, double-spaced memorandum as required by L.R. 7.1(B)(4) without leave of court to exceed this page limitation.

4.      European Colour expects the Memorandum to be approximately twenty-six (26) pages and therefore requests leave of Court to submit a Memorandum of law in support of its Motion not to exceed thirty (30) pages.

WHEREFORE, European Colour respectfully requests this Court to:

1. Enter an Order allowing European Colour to submit a Memorandum of law in support of its Motion not to exceed thirty (30) pages; and

2. Grant such other relief as justice requires.

Respectfully submitted,

EUROPEAN COLOUR, PLC

By its attorneys,

   /s/ Timothy W. Mungovan
J. William Codinha, BBO No. 087740
Timothy W. Mungovan, BBO No. 600702
Gina M. McCreadie, BBO No. 661107
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Tel:  (617) 345-1000
Fax:  (617) 345-1300

Dated:  April 26, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that I spoke to Plaintiff's counsel on Monday, April 25, 2005 to confer and attempt, in good faith, to resolve any potential dispute relating to the above Motion. Immediately following this conversation, I sent Plaintiff's counsel a copy of this Motion by electronic mail. I informed Plaintiff's counsel, both by telephone and by electronic mail, that European Colour intended to file the above Motion with the Court on Monday. As of 3 p.m. on Tuesday, April 26, 2005, Plaintiff's counsel has not contacted me regarding this matter.

   /s/ Gina M. McCreadie
Gina M. McCreadie

BOS1486616.1