IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GAIL CUSTADIO, <br> Administratrix of the Estate of Stephen Custadio <br><br> Plaintiff, <br> v. <br><br> EUROPEAN COLOUR PLC <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-CV-10556-JLT |

**DEFENDANT EUROPEAN COLOUR PLC'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant European Colour plc ("European Colour") submits this Reply to Plaintiff Gail Custadio's ("Custadio") Opposition to the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.

There is no basis for this Court to exercise personal jurisdiction over European Colour. Custadio's assertion that this Court can assert personal jurisdiction over European Colour is based solely on broad generalizations and unsupported hypothetical conjecture. Custadio does not even argue that this Court can exercise general *in personam* jurisdiction over European Colour, and she offers no evidence whatsoever to support the exercise of specific *in personam* jurisdiction. Moreover, Custadio has no justification for attempting to pierce the corporate veil of Roma Color, Inc. ("Roma") in order to exercise personal jurisdiction over European Colour.

Further, European Colour is entitled to summary judgment on Custadio's claims. Custadio has failed to offer any facts, information or evidence that could create a genuine issue of material fact as to whether European Colour assumed any duty as to Stephen Custadio (the "Decedent"). In light of Custadio's inability to produce any evidence which could create a

genuine issue of material fact as to that duty, this Court should enter Summary Judgment in favor of European Colour. Moreover, Custadio's claims are completely barred by the exclusivity provision of the Worker's Compensation Act and Custadio has effectively admitted as much by failing to oppose or address in any manner this argument.

I. **THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION SHOULD BE GRANTED, WITHOUT ANY JURISDICTIONAL DISCOVERY, BECAUSE CUSTADIO HAS NOT MADE OUT A COLORABLE CASE FOR THE EXISTENCE OF *IN PERSONAM* JURISDICTION.**

    A. **The First Circuit in *Sunview* determined that limited jurisdictional discovery may be allowed only where the plaintiff has established a colorable case for personal jurisdiction.**

Custadio alleges that it is the "customary license" to allow jurisdictional discovery where "a plaintiff has shown her position" not to be "frivolous." Opp'n at 3. In making this argument, Custadio ignores controlling First Circuit precedent. The First Circuit has pronounced that only a "diligent plaintiff who sues an out-of-state corporation and who makes out a *colorable* case for the existence of *in personam* jurisdiction may well be entitled to a *modicum* of jurisdictional discovery." *Sunview Condo. Assoc. v. Flexel Int'l, Ltd*., 116 F.3d 962, 964 (1st Cir. 1997) (emphasis added).

Based on *Sunview*, Custadio is not entitled to any jurisdictional discovery because she has not offered even a "semblance" of reasonable support for her argument. *See* Black's Law Dictionary 259 (7th ed. 1999) (defining color as "appearance" or "semblance"). Custadio complains that she "is unable to submit supporting documentation" in support of her opposition "because European Colour has filed this motion prior to any discovery." Opp'n at 4. Custadio's argument is circular and ignores *Sunview*. Because she has not offered any evidence whatsoever

on personal jurisdiction, she cannot make out a colorable case for *in personam* jurisdiction, and therefore is not entitled to any jurisdictional discovery.[1]

        1.    <u>A parent-subsidiary relationship alone is not a basis for exercising jurisdiction over a foreign parent.</u>

Custadio relies on a simplistic generalization to claim that European Colour is subject to personal jurisdiction. Specifically, Custadio states, "[t]he purposeful decision by European Colour to reach out to Massachusetts is an availment of the Massachusetts marketplace and leads to the inference that it should reasonably anticipate being hauled into court here" because European Colour "derived revenue" from Roma. Opp'n at 6. First Circuit precedent, however, *clearly* establishes that a parent-subsidiary relationship does not, in itself, create the requisite ties to establish personal jurisdiction of the foreign parent corporation.

In *Miller v. Honda Motor Co.*, the First Circuit declined to exercise personal jurisdiction over Honda, a Japanese parent company, despite the fact that Honda sold vehicles to its American subsidiary who in turn sold them to American customers. 779 F.2d 769, 771 (1st Cir. 1985). In *Miller*, the parent company and subsidiary had a common membership on their respective board of directors and yet the court still refused to exert jurisdiction over the parent. *Id*. at 772. Moreover, "[t]he mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary." *Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980). Instead, "[t]here is a *presumption of corporate separateness* that *must* be overcome by *clear evidence* that the parent

---

[1] Custadio does not even attempt to claim that this Court has <u>general</u> *in personam* jurisdiction over the Defendants, as she never argues, and has no basis to argue, that European Colour "has maintained a continuous and systematic linkage" with Massachusetts such that it has subjected itself to the jurisdiction of a Massachusetts court "in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." *First Act, Inc. v. Brook Mays Music Co.*, 311 F. Supp. 2d 258, 260 (D. Mass. 2004) (citations omitted).

3

in fact controls the activities of the subsidiary." *Id.* (emphasis added). Thus, Custadio's solitary fact of European Colour's parent relationship to Roma fails, as a matter of law, to make out the requisite colorable case to support limited jurisdictional discovery.

        2.       Custadio's hypothetical facts do not warrant the exercise of personal jurisdiction.

Given the absence of facts, Custadio relies on a hypothetical, by speculating that "*[i]f European Colour played a significant role in the development of a strategic plan and product manufacturing of Roma, it may be subject to personal jurisdiction in Massachusetts.*" Opp'n at 6 (emphasis added). There are no facts whatsoever to support this hypothetical and such wishful thinking does not establish a colorable case for personal jurisdiction. "It has long been the rule of this circuit . . . that plaintiffs may not rely on unsupported allegations in their pleadings to make a prima facie showing of personal jurisdiction." *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). Such rule is especially true when European Colour has presented affidavits to contradict Custadio's allegations. *See id.*

Moreover, the "strong" and "longstanding common-law presumption that a separately incorporated subsidiary is institutionally independent of its parent" can only be overcome by "'clear evidence' of parental subjugation." *In re Lupron Mktg. & Sales Practices Litig.*, 245 F. Supp. 2d 280, 291 (D. Mass. 2003). This "clear evidence" rule mandates demonstrating more than "the normal badges of ownership 'such as monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures,' or the sharing of directors." *Id.* (citing *U.S. v. Bestfoods*, 524 U.S. 51, 72 (1998)). Custadio's generalized statements and hypothetical fail to meet her burden of proof because she "must establish the parent's control over the subsidiary by *presenting evidence* that the local subsidiary does not pursue independent business policies." *Cont'l Cablevision, Inc. v.*

4

*Storer Broadcasting* Co., 1982 U.S. Dist. LEXIS 15372, at *6 (D. Mass. Oct. 21, 1982) (emphasis added).

        3.    Custadio's misrepresented facts do not warrant the exercise of personal jurisdiction.

Custadio's claim that it is "undeniable" that European Colour "holds itself out as doing business in Massachusetts" is a mischaracterization. Opp'n at 6. What is undeniable is that European Colour's subsidiary, Roma, does business in Massachusetts. There is no evidence that European Colour itself does business in Massachusetts. The Court should reject Custadio's efforts to blur this critical legal distinction.

**B.    The First Circuit cases on which Custadio relies support the proposition that jurisdictional discovery is inappropriate here.**

Custadio cites several cases for the proposition that jurisdictional discovery should be allowed "where the plaintiff had been diligent and was somewhat unfamiliar with his adversary's business practices," or is "a total stranger to [the] corporation." Opp'n at 3-4 (citing *Boit*, 967 F.2d at 681; *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1086 (1st Cir. 1973); *Surpitski v. Hughes-Kennan Corp.*, 362 F.2d 254, 255 (1st Cir. 1966)). These cases do not apply to the facts here because the Decedent was intimately familiar with both Roma and European Colour.

The plaintiff in *Boit* brought a product liability complaint against the defendant corporation who had not even manufactured the product, but merely imported and sold it. 967 F.2d at 673. There, the plaintiff's relationship to the defendant was no closer than that of a consumer to a retailer and, as such, prompted the court to note in *dicta* that the relationship may have warranted application of the "unfamiliar" to "adversary" proposition.

5

Likewise, the First Circuit has found that the need for jurisdictional discovery does not apply to plaintiff and defendant corporations who have a contractual relationship with one another. *American Express Int'l, Inc. v. Mendez-Capellan,* 889 F.2d 1175, 1181 (1st Cir. 1989). The First Circuit found that the "unfamiliar to adversary" proposition was inapplicable because the plaintiff was "not 'a total stranger to'" the defendant. *Id.* Further, though the *Whittaker* court reaffirmed that jurisdictional discovery may be granted where the plaintiff and defendant are "unfamiliar" with one another, that case turned on the fact that the plaintiff had not been diligent in seeking discovery. *Whittaker*, 482 F.2d at 1086. The court in *Whittaker* affirmed the denial of jurisdictional discovery against the plaintiff, noting that the trial court has broad discretion in its determination.[2] *Id.*

Unlike the unfamiliar relationship between the plaintiff and defendant in *Boit* and *American Express*, it is undisputed here that the Decedent was the longtime maintenance supervisor of European Colour's subsidiary, Roma, and had been with Roma for three decades. Therefore, Custadio cannot contend that the Decedent was a stranger to Roma and European Colour.

**II.     TO THE EXTENT THAT THE COURT DEEMS DISCOVERY NECESSARY, DISCOVERY SHOULD BE LIMITED IN <u>SCOPE</u> TO JURISDICTIONAL ISSUES AND THE <u>METHOD</u> OF DISCOVERY SHOULD BE LIMITED TO REQUESTS FOR ADMISSIONS AND INTERROGATORIES.**

Any discovery here should be narrowly limited to *jurisdictional* discovery. *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 48 & n.18 (1st Cir. 1993); *Boit*, 967 F.2d at 680; *Szafarowicz v. Gotterup*, 68 F. Supp. 2d 38, 42 (D. Mass. 1999).

---

[2] *Surpitski v. Hughes-Kennan Corp.*, 362 F.2d 254 (1st Cir. 1966) is the only case cited by Custadio in which the court allowed jurisdictional discovery, must be read in conjunction with the subsequent decisions of *Boit*, *American Express* and *Whittaker*, all of which required some showing of unfamiliarity with the defendant corporation in order to grant jurisdictional discovery.

Moreover, the "entitlement is not absolute," and the "rule has its limitations." *Sunview*, 116 F.3d at 964 & n.3.  The *Sunview* court noted that "even when the rule applies, the plaintiff is not necessarily entitled to take depositions." *Id*. at 964 n.3.  Jurisdictional discovery should be limited to less intrusive and less expensive modes of discovery such as interrogatories and requests for admissions related *solely* to jurisdictional issues.  *Id.*; *Boit*, 963 F.2d at 681; *Szafarowicz*, 68 F. Supp. 2d at 42.

### III.  CUSTADIO CANNOT "CONVERT" EUROPEAN COLOUR'S 12(b)(2) MOTION TO DISMISS INTO A RULE 56 MOTION FOR SUMMARY JUDGMENT.

Custadio erroneously claims that the affidavits of Almeida and Smith have "the effect of making European Colour's Motion to Dismiss a Motion for Summary Judgment."  Opp'n at 3.  These affidavits were submitted solely in the context of European Colour's 12(b)(2) Motion and do not have the effect of converting it to a Rule 56 Motion.  Though the Federal Rules provide that a 12(b)(6) Motion to Dismiss "shall be treated as one for summary judgment" if "matters outside the pleading are presented to and not excluded by the court . . . ," there is no similar provision for the 12(b)(2) Motion to Dismiss for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(b); *American Express*, 889 F.2d at 1178.  Thus, European Colour's 12(b)(2) Motion to Dismiss should be adjudicated independent of its Rule 56 Motion for Summary Judgment.

Further, the cases on which Custadio relies to obtain jurisdictional discovery are all inapplicable because they relate solely to Federal Rule 56 Summary Judgment Motions and not Federal Rule 12(b)(2) Motions to Dismiss for lack of personal jurisdiction.  *See Morrissey v. The Boston Five Cents Savings Bank*, 54 F.3d 27, 29 (1st Cir. 1995); *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 986 (1st Cir. 1988); *Citifinancial Mortgage Co., Inc. v. Lawson*, 2002 U.S. Dist. LEXIS 15828, at *2 (D. Mass. May 2, 2002); *Commonwealth Aluminum Corp. v. Markowitz*, 164 F.R.D. 117, 118 (D. Mass. 1995).

IV.    **EUROPEAN COLOUR'S DEFENSES TO "PIERCING THE CORPORATE VEIL" ARE NOT "PREMATURE."**

Custadio has not proffered *any* evidence to exercise personal jurisdiction over European Colour by piercing the corporate veil of Roma and the other wholly-owned subsidiaries to get to European Colour. Though, in certain situations, a court will pierce the corporate veil to exercise personal jurisdiction over a parent corporation, Custadio has failed to meet the requisite criteria summarized by European Colour in its Motion. *See United Elec.*, 960 F.2d at 1089; Motion at 13-14.

First, Custadio has yet to put forward a scintilla of evidence, let alone the strong evidence required, to demonstrate a gross inequity or other justification for piercing Roma's corporate veil. *See In re: Lupron(R)*, 245 F. Supp. 2d at 289 (requiring "'clear evidence' of parent subjugation" to pierce the corporate veil). Second, even where Custadio has been successful in proving gross inequity, Custadio must still produce evidence of European Colour's "pervasive control" over Roma or a "confused commingling" of the corporations with "substantial disregard of the separate nature of the corporate entities." *Birbara v. Locke*, 99 F.3d 1233, 1238 (1st Cir. 1996) (quoting *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 619 (1968)). Again, Custadio stumbles at the threshold in failing to present any evidence or facts which address either factor.

Further, European Colour is entitled to Summary Judgment to the extent that Custadio claims, on substantive liability grounds, that it can hold European Colour liable for the actions of Roma. Custadio's primary assertion in support of her allegation is that European Colour "owns one hundred percent of the stock of Roma." Opp'n at 9. This "proof" ignores First Circuit precedent, cited by European Colour in its initial Motion, that a parent corporation's ownership of all of a subsidiary's stock does *not* justify piercing the corporate veil. *Cruz*, 619 F.2d at 905.

8

Finally, European Colour's piercing the corporate veil defense is hardly "premature," as pronounced by Custadio, with respect to either personal jurisdiction or on substantive grounds. As to personal jurisdiction, courts have considered piercing the corporate veil of a subsidiary to exercise jurisdiction over the parent corporation. *See United Elec*., 960 F.2d at 1089. As to substantive grounds, courts in the District of Massachusetts have, on prior occasions, granted a defendant's motion for summary judgment on the sole basis of the defense. In *Dale v. H.B. Smith Co., Inc.*, the court granted defendant's motion for summary judgment, just following the submission of the Complaint, solely on the issue of the plaintiff's attempt to pierce the corporate veil. 910 F. Supp. 14, 14 (D. Mass. 1995). In *Dale*, the court reiterated that "[u]nder Massachusetts law, disregarding separate corporate entities is the exception, not the rule." *Id*. at 18. As is the case here, it was noted that there was no evidence that the defendant corporation was "inextricably intertwined" with its subsidiary, nor was there evidence to indicate a "confused intermingling of non-business activity, assets or management." *Id*. at 19. Mirroring the facts at bar, the plaintiff could, at best, "show some limited common ownership between" the parent and the subsidiary which failed to "warrant the Court's use of the unusual remedy of piercing [the] corporate veil." *Id*. at 19-20.

V. **EUROPEAN COLOUR IS ENTITLED TO SUMMARY JUDGMENT BECAUSE CUSTADIO HAS NOT PRESENTED ANY FACTS, INFORMATION OR EVIDENCE TO CREATE A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER EUROPEAN COLOUR ASSUMED A DUTY AS TO CUSTADIO.**

   A. **Custadio's sole proffer in support of European Colour's alleged duty to Custadio is inadmissible under the Federal Rules of Evidence and therefore inapplicable as an opposition to a Motion for Summary Judgment.**

Under Fed. R. Civ. P. 56(e),

> When a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a

>genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Moreover, "opposing affidavits . . . shall set forth such facts as would be *admissible in evidence*."  *Id*. (emphasis added); *The Gen. Contracting & Trading Co., LLC v. Interpole, Inc*., 899 F.2d 109, 115 (1st Cir. 1990).

Custadio claims that she has obtained information that "European Colour exercised complete control over the Roma facility with regard to major purchases and repairs." Opp'n at 10.  However, the evidence relied upon for the broad conclusion is either inadmissible or a complete mischaracterization of the documents cited.  For example, the letter on which Custadio relies from Giant Lift Equipment Manufacturing Co. ("Giant Lift") to OSHA dated December 8, 2003 (Opp'n at Tab 7) is inadmissible hearsay evidence under Federal Rule of Evidence 801.  It is an out of court written assertion offered for the truth of the matter therein.  "[N]o letter from one officer of a company to another is admissible against another party to prove the truth of the facts stated therein."  *Gregory Consol. Mining Co. v. Starr*, 141 U.S. 222, 226 (1891).

Custadio may argue that the letter, provided by OSHA through its investigation, is admissible under the public records and reports hearsay exception which excepts "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth … (C) in civil actions … factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."  Fed. R. Evid. 803(8)(c).  However, this exception typically applies to the *report* of the *official* as "[t]he exception rests on 'the assumption that a public official will perform his duty properly.'" *Sabel v. Mead Johnson & Co.,* 737 F. Supp. 135, 141 (D. Mass. 1990) (further citation omitted).

Indeed, "Federal Rule of Evidence 803(8) exempts from the hearsay rule *only reports by officials.*" *McKinnon v. Skil Corp.*, 638 F.2d 270, 278 (1st Cir. 1981) (emphasis added). The public agency report should be excluded if it is "untrustworthy … because [it] contain[s] double hearsay." *Id.* In *McKinnon*, an agency report was excluded where the data was "simply a paraphrasing" of an "interviewee." *Id.* Here, Custadio relies only on the letter sent to OSHA in the course of the investigation, not the official's report. As the letter is not admissible under any hearsay exception, Custadio's reliance on it is inappropriate.

Moreover, the information in the letter on which Custadio relies is itself based on a "quote" that Giant Lift allegedly prepared. This "quote" is likewise inadmissible hearsay evidence, creating another hearsay within hearsay hurdle for Custadio. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Fed. R. Evid. 805. Though the "quote" may be admissible under the records of regularly conducted activity hearsay exception, something that Custadio has not established, it cannot be admitted through the inadmissible letter as proffered by Custadio. Fed. R. Evid. 803(6).

**B.     The proffered allegations are a gross mischaracterization of the inadmissible evidence on which Custadio relies.**

Notably, even if the letter and "quote" were deemed admissible, Custadio has misrepresented their alleged import. Despite Custadio's contention that the Giant Lift "quote" was sent to Roma, there is no evidence to support this claim. The "quote" indicates that it was sent only to L K Goodwin Company in Rhode Island. There is no evidence, inadmissible or otherwise, that anyone at Roma ever received any information regarding this "quote." Thus, Custadio's conclusory statement that "Roma was informed that the lift was unsafe in its current condition" has no basis in admissible or inadmissible fact. Opp'n at 10. Given Custadio's

11

inability to link the "quote" to Roma, the link between the "quote" and European Colour is even more tenuous.

This Court should also disregard Custadio's attempt to develop some connection between this inadmissible "quote" and European Colour through OSHA's interview with Michael Clayton, Roma's General Manager-USA, on December 4, 2003. *Id.* at 11. Custadio states that the interview indicates that "any repair 'over $10,000 needs capital expenditure approval from England.'" *Id.*

In addition, Custadio mischaracterizes the statements made by Mr. Clayton. Though Mr. Clayton did say that "[a]nything over $10,000 needs capital expenditure approval from England," he did not say that "repairs" need approval. *See id.* To the contrary, Mr. Clayton stated that "[t]he repair in 2002 was a repair" and, therefore, "did not need [his] approval." *Id.* at Tab 6. If the 2002 repair did not need approval by Roma's General Manager in the United States, there is no evidence, let alone a logical inference, that European Colour needed to approve any repair. Thus, for Custadio to summarily hypothesize that "[i]f the unsafe lift was not replaced . . . because European Colour would not approve the expenditure, then [they] are directly responsible for this accident," is entirely without foundation and does not create a genuine issue of material fact.

    **C.**    **Custadio does not satisfy Federal Rule 56(f).**

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. . . . [D]espite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." Fed. R. Civ. P. 56 advisory committee notes (1963).

Custadio is correct that Federal Rule 56(f) is a vehicle by which a party opposing summary judgment may obtain a denial or deferral of summary judgment upon a showing of a need for time to conduct discovery. *Morrissey*, 54 F.3d at 35. However, Custadio failed to address, or to follow, the requirements of Rule 56(f). Under Rule 56(f), a party,

> must (i) make an authoritative and timely proffer; (ii) show good cause for the failure to have discovered these essential facts sooner; (iii) present a plausible basis for the party's belief that facts exist that would likely suffice to raise a genuine and material issue; and (iv) show that the facts are discoverable within a reasonable amount of time.

*Id*.; *Paterson-Leitch*, 840 F.2d at 988. The *Morrissey* court noted that the plaintiff's affidavits did not "address any of the undisputed facts set forth" by the defendant and thus failed to adequately invoke Rule 56(f). *Morrissey*, 54 F.3d at 35. Likewise, the *Paterson-Leitch* court admonished the plaintiff for stating in "an entirely conclusory way, that 'discovery should be commenced'" and for plaintiff's speculation "that 'additional facts need to be established through discovery' in order to develop certain legal theories." 840 F.2d at 989. The First Circuit noted that "such banalities" and "cryptic allusions" were "entirely inadequate" to invoke Rule 56(f) and "failed to set out any basis for believing that some discoverable material facts did exist" or, if they were obtained, how they "would help to defeat the motions for summary judgment." *Id*. Here, Custadio has done no more than the plaintiff in *Paterson-Leitch* by stating in her Opposition that she "should be given the opportunity to conduct discovery" because "the likelihood of discovery leading to 'essential facts' on this issue is high." Opp'n at 5.

Conversely, in *Citifinancial*, the court found that the plaintiff could properly invoke Rule 56(f) where it had proffered several theories which may have supported its claim against the defendant. 2002 U.S. Dist. LEXIS 15828, at *12. Likewise, in *Commonwealth*, also cited by the Custadio, the court found the Rule 56(f) proffer sufficient where the plaintiff's memorandum

13

was accompanied by *seven* affidavits which supported their opposition to summary judgment. 164 F.R.D. at 120.  As Custadio has failed to set forth any legitimate theories based in fact, she should not be allowed additional discovery to oppose European Colour's Motion for Summary Judgment.

### VI. CUSTADIO'S FAILURE TO ADDRESS IN ANY WAY THE FACT THAT CUSTADIO'S CLAIMS ARE BARRED BY THE WORKER'S COMPENSATION ACT IS DEEMED AN ADMISSION.

Custadio cannot close her eyes and ignore facts that are contrary to her position and wish them away.  Despite European Colour's repeated reference to the fact that Custadio's claims are barred by the exclusivity provision of the Worker's Compensation Act, Custadio declined to comment, even once, on the proposition or to submit a rebuttal.  As Custadio did not respond to European Colour's worker's compensation argument in any way, she has conceded this argument and has waived any ability to now argue that her claims are not barred by the Worker's Compensation Act.  *See Trent Partners and Assocs. Inc. v. Digital Equipment Corp.*, 120 F. Supp. 29 84, 110 n.30 (D. Mass. 1999); *U.S. v. DiBiase Salem Realty Trust*, 1993 U.S. Dist. LEXIS 20031, at *16 n.6 (D. Mass. Nov. 19, 1993).

### CONCLUSION

For the foregoing reasons, Defendant European Colour requests that this Court grant its Motion to Dismiss or, in the Alternative, its Motion for Summary Judgment.

        Respectfully submitted,

        EUROPEAN COLOUR PLC

        By its attorneys,

        <u>     /s/ Gina M. McCreadie          </u>
        J. William Codinha, BBO No. 087740
        Timothy W. Mungovan, BBO No. 600702
        Gina M. McCreadie, BBO No. 661107
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA  02110
        Tel:  (617) 345-1000
        Fax:  (617) 345-1300

Dated:  June 24, 2005