UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAIL CUSTADIO, ADMINISTRATRIX OF THE ESTATE OF STEPHEN CUSTADIO,<br><br>              Plaintiff<br><br>vs.<br><br>EUROPEAN COLOUR PLC,<br><br>              Defendant | No. 05-CV-10556-JLT |

**RESPONSE OF THE PLAINTIFF, GAIL CUSTADIO, TO THE DEFENDANT'S REPLY BRIEF SUPPORTING ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Gail Custadio ("Custadio"), submits this Response to the Defendant, European Colour PLC's ("European Colour") Reply Brief. Custadio submits this response in order to address the inaccurate statements and misconceptions expressed in the Reply Brief. In addition, this Response is necessary to correct several erroneous interpretations of case law made by European Colour.

**I.    EUROPEAN COLOUR INCORRECTLY INTERPRETS THE BASIS FOR ESTABLISHING PERSONAL JURISDICTION IN MASSACHUSETTS**

In arguing against *in personam* jurisdiction, European Colour asserts that Custadio has offered nothing more than the fact that it is the parent of Roma, stating: "Custadio's solitary fact of European Colour's parent relationship to Roma fails, as a matter of law, to make out the requisite colorable case to support limited jurisdictional discovery." Reply at 4, and "[t]here is no evidence that European Colour itself does business in Massachusetts," Reply at 5.

Custadio points to several documents in her Opposition which support at least the potential for personal jurisdiction over European Colour due to its substantial involvement with Massachusetts, as well as the "blurring" of corporate entities. These include: i) the 2003 and 2004 Annual Reports of European Colour which repeatedly mention that *European Colour* has employees in Massachusetts, directs sales, manufacturing, and business operations in Massachusetts, and refers to Roma as part of its "team"; ii) Minutes of a European Colour Audit Committee Meeting dated May 27, 2004 where several litigation matters in Massachusetts were discussed, including the potential of a claim by Mrs. Custadio; and iii) the Affidavit of Steve Smith, Chairman of the Board of European Colour, stating that he visited the Roma facility a number of times and undertook involvement with safety considerations there.[1]

Furthermore, the 2004 Annual Report, dedicated to Mr. Custadio, makes reference to his "30 years with our company" as a member of "the Fall River team," expressing that "Steve is never far from our thoughts. This Annual Report presents facts and figures, but the heart of our company is people like Steve Custadio." The irony is that in litigation European Colour now denies any connection to Mr. Custadio or his work.

These documents show that European Colour has had continuous and systematic activity in Massachusetts so that personal jurisdiction lies here. See

---

[1] Smith states that, "Before Mr. Custadio's death, I visited Roma approximately three times. During those visits, I discussed, among other things, the overall safety philosophy and safety considerations regarding the Roma facility with the management of Roma. During these visits and at all other times, I emphasized the importance of safety and encouraged Roma to ensure safe working practices as a general matter. I further instructed Roma management to disclose any potential hazards to European Colour." Smith Aff. at ¶19.

2

*United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). At the very least, they provide a basis for discovery. European Colour ignores these documents in its pleadings, apparently hoping the court will do the same.

## II. EUROPEAN COLOUR IGNORES EVIDENCE OF SPECIFIC PERSONAL JURISDICTION

Specific *in personam* jurisdiction arises "when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities ..." *Mass School of Law at Andover, Inc. v. American Bar Assoc.*, 142 F.3d 26, 34 (1st Cir. 1998). Custadio has shown in her Opposition (and European Colour has ignored in its Reply), multiple contacts with Massachusetts activities that are related to the subject matter of this action. In addition to the items previously mentioned, Custadio provided notes of a December 4, 2003 OSHA interview with Michael Clayton, then general manager at Roma, stating that capital expenditures over $10,000 needed to be approved by England (i.e. European Colour), thus making European Colour the entity responsible for the failure to replace the subject lift prior to Mr. Custadio's accident[2]. These contacts are not random and isolated, but rather demonstrate a "purposeful availment" so that European Colour cannot reasonably claim surprise at being expected to appear in this forum to defend a lawsuit—nor, it should be noted, has it made this argument. *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 716 (1st Cir. 1996).

---

[2] In its Reply Brief the defendant makes more allegations regarding the validity of this information. The Giant Lift quote at issue indicates it was requested by Roma Color, making it reasonable to conclude it was provided to them. (Opposition at Tab 6) Also, the statement by Mr. Clayton the "anything" over $10,000 needed approval would certainly include the purchase of a new lift at a cost exceeding $17,000.

3

It is also eminently reasonable for European Colour to defend this action in Massachusetts. The First Circuit has recognized that it is almost always inconvenient and costly for a party to litigate in a foreign jurisdiction, and so for the gestalt factor of "reasonableness" to have any significance, the defendant must demonstrate that "exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way." *Id.* at 718, quoting *Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994). European Colour has not argued in its Reply that it would be onerous to defend this action in Massachusetts.[3]

### III. EUROPEAN COLOUR HAS NOT ARGUED SUCCESSFULLY THAT CUSTADIO SHOULD NOT BE ALLOWED TO CONDUCT JURISDICTIONAL DISCOVERY

At a minimum, this court should allow Custadio to conduct jurisdictional discovery. In its argument to the contrary, European Colour selectively ignores facts, reaches unsupported conclusions, and also mischaracterizes case law.

In Section I, A of its Reply, European Colour cites the First Circuit case of *Sunview Condo. Assoc. v. Flexel Int'l, Ltd.*, for its pronouncement that Custadio has not been diligent in looking for evidence of jurisdiction and "has not offered any evidence whatsoever on personal jurisdiction." Reply at 2-3. This argument blatantly ignores the documents submitted by Custadio with her Opposition, as well as the fact that Custadio does not have access to any more information without discovery because all information is under the control of the defendant. There should be no doubt that Custadio has been a diligent plaintiff who is entitled to discovery.

---

[3] Another reason jurisdiction should be in Massachusetts is because the key witnesses who can testify about the condition of the subject lift before and at the time of the accident are located in this region. Additionally, this is a tort action, and a forum state has a significant interest in obtaining jurisdiction over a defendant who causes tortious injury within its borders. *Nowak*, 94 F.3d at 718.

4

Later, in Section I, B of its Reply, European Colour sets forth a second argument against discovery, namely, that it should not be permitted if the plaintiff is familiar with the defendant's business practices, or is not a "total stranger to [the] corporation," Reply at 5, citing *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 681 (1st Cir. 1992); *Whittaker Corp. v. Untied Aircraft Corp.*, 482 F.2d 1079, 1086 (1st Cir. 1973); *Surpitski v. Hughes-Kennan Corp.*, 362 F.2d 254, 255 (1st Cir. 1966). More specifically, European Colour argues against discovery on the basis that Custadio's husband was "intimately familiar with both Roma and European Colour," Reply at 5. This argument also must fail.

The only case European Colour cites by analogy to show a familiar relationship between the parties negating the need for jurisdictional discovery is *American Express Int'l., Inc. v. Mendez-Capellan*, 889 F.2d 1175, 1181 (1st Cir. 1989). In that case, the plaintiff, American Express, had a long-standing business relationship with the defendant, Vimenca, spanning over twenty years and based in the Dominican Republic, where Vimenca would pay commercial establishments that received payment for their goods or services with AMEX cards. *Id.* at 1176. The Court in that case distinguished itself from the *Surpitski* case, which allowed *full discovery* before ruling on a motion to dismiss for lack of personal jurisdiction, because Vimenca's contacts with Puerto Rico were meager and were "connected to its relationship with AMEX." *Id.* at 1181. There are simply no similarities between that business relationship and this case. Mr. Custadio was a maintenance worker at Roma. The contacts of European Colour to Massachusetts are not discernible by means of any relationship Mr. Custadio may have had with either Roma or European Colour. Moreover, unlike the over twenty-year

business relationship in *American Express Int'l. Inc.*, European Colour only recently acquired Roma in 1999.

Most importantly, however, the plaintiff is Gail Custadio, not her deceased husband. Even assuming, *arguendo*, that there was a special relationship between Mr. Custadio and European Colour, it should not be imputed to her. In fact, European Colour has failed to produce even a scintilla of evidence that she acquired any special knowledge of European Colour by way of her late husband's employment. Lastly, European Colour's argument on this point is purely conclusory. While it states that "the Decedent was intimately familiar with both Roma and European Colour," it does not bother to set forth a description of the nature and quality of this intimate relationship.

## IV.   THE SCOPE OF DISCOVERY SHOULD NOT BE LIMITED IN THIS ACTION

European Colour argues in its Reply Brief that if discovery is allowed to proceed, it should be limited to interrogatories and requests for admissions. However, European Colour misrepresents the cases it relies upon for support. It cites the *Boit* decision for the proposition that "Jurisdictional discovery should be limited to less intrusive and less expensive modes of discovery such as interrogatories and requests for admissions related *solely* to jurisdictional issues," Reply at 7, citing *Boit*, 967 F.2d at 681. What *Boit* actually states is as follows:

> The Boits could have requested that the court allow discovery on the limited issue of personal jurisdiction... [f]or example, they could have deposed Gar-Tec – or even Brookstone – to discover if Gar-Tec sold the hot air gun to Brookstone. An even simpler and less expensive course would have been to propound interrogatories to Gar-Tec, or serve appropriate requests for admissions.
>
> Indeed, if the Boits had requested that the district court defer ruling on Gar-Tec's motion pending further discovery, it

>might have been an abuse of discretion to deny the request."
>967 F.2d at 680-81.

A plain reading of this passage shows that *Boit* does not indicate, as European Colour would have this Court believe, that discovery should be limited to interrogatories and requests for admissions. To the contrary, it explicitly endorses the taking of depositions. Moreover, a contextual reading of the passage shows that the only reason the Court even mentions the "less expensive" course of interrogatories and admissions was to support its finding that the plaintiff, who only sought to take a single deposition, was not diligent. *Id.* at 681. *Boit* is emphatically *not* a prescription for limited jurisdictional discovery.

European Colour then misinterprets *Sunview Condo. Assoc.*, a second time by citing it for the proposition that, "even when the rule applies, the plaintiff is not necessarily entitled to take depositions," Reply at 7, citing 116 F.3d 962, 964, n.3 (1st Cir. 1997). What European Colour neglects to mention is that in the *following sentence* the *Sunview* Court states: "Here, Sunview never attempted to learn jurisdictional facts through interrogatories or demands for document production...." Again, like in *Boit*, the Court only speaks of limiting the methods of jurisdictional discovery available to a plaintiff when a lack of diligence is shown. Neither *Boit* nor *Sunview* are analogous to the present case because here Custadio has displayed diligence by not only propounding both interrogatories and a Rule 34 Request to European Colour, but by also looking to outside sources for information.

7

V. **EUROPEAN COLOUR HAS NOT SUCCESSFULLY REFUTED CUSTADIO'S ASSERTION THAT A MOTION FOR SUMMARY JUDGMENT ON PIERCING THE CORPORATE VEIL IS PREMATURE**

A corporate veil-piercing approach is but one of several theories of liability that Custadio has against European Colour for liability pertaining to the death of Mr. Custadio. In asking this Court to grant summary judgment on this issue without allowing Custadio to perform any related discovery, European Colour relies on the case of *Dale v. H.B. Smith Co., Inc.*, 910 F. Supp. 14, *14 (D. Mass. 1995), implying that the *Dale* court granted a defendant's motion for summary judgment on the issue of piercing the corporate veil "just following the submission of the Complaint." Reply at 9. However, in *Dale* the <u>initial</u> complaint was filed on April 1, 1992. An amended complaint was then filed two years later on March 31, 1994, and the summary judgment motion was heard shortly afterwards. There is no indication in *Dale* of the nature and scope of discovery that occurred during those two years. To infer, however, as European Colour does, that no discovery occurred is unrealistic at best.

Facts shedding light on the relationship between Roma and European Colour and their corporate formalities are in the sole possession of those two entities. To permit summary judgment to be decided without discovery would put Custadio on a playing field in which she simply cannot compete.

VI. **EUROPEAN COLOUR MISREPRESENTS THE PURPOSE OF THE MATERIALS SUBMITTED BY CUSTADIO IN OPPOSITION TO SUMMARY JUDGMENT**

European Colour asserts that it should prevail in summary judgment on the issue of whether it had a legal duty to Mr. Custadio because the documents

introduced by Custadio pertaining to this issue would not be admissible as evidence at trial. Specifically, it claims that the January 18, 2002 written quote from Giant Lift Equipment Manufacturing Co. ("Giant Lift") for the cost of the replacement of the subject lift and the December 8, 2003 letter from Giant Lift to OSHA are inadmissible hearsay.

European Colour here cites Rule 56(e) in support of this proposition, stating "'opposing affidavits ... shall set forth such facts as would be *admissible in evidence*,'" Reply at 10, citing Fed. R. Civ. P. 56(e). This is an erroneous application of Rule 56(e) because the referenced segment only refers to affidavits. Custadio has not submitted affidavits in support of her Opposition, and the letter and quote cannot be construed as such. Furthermore, the Supreme Court in *Celotex v. Catrett* stated: "We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment." 477 U.S. 317, 324 (1986); see also *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1015 (11th Cir. 1987) (proper to consider a letter in opposition to a motion for summary judgment even though it would be inadmissible hearsay at trial).

At the very least, Custadio, without the benefit of discovery, has made a strong showing that there is a good faith reason to believe that European Colour had a legal duty for the safety of Mr. Custadio, which entitles her under Rule 56(f) to defer judgment in order to be allowed additional time to engage in discovery that is essential to "mount an opposition." *Morrissey v. Boston Five Cents Savings Bank*, 54 F.3d 27, 35 (1st Cir. 1995), quoting *Resolution Trust Co. v. North Bridge Assoc.*,

9

22 F.3d 1198, 1203 (1st Cir. 1994). Custadio has clearly made an ample showing under Rule 56(f), which makes summary judgment for European Colour premature.

### VII. EUROPEAN COLOUR INCORRECTLY CLAIMS THAT CUSTADIO'S CLAIMS ARE BARRED BY THE WORKER'S COMPENSATION ACT

European Colour argues that Custadio did not rebut the claim that she is barred from pursuing a claim due to the exclusivity provision of the Worker's Compensation Act. This is simply incorrect. (See Plaintiff's Opposition, footnote 2). Nevertheless, Custadio will clarify her argument here.

M.G.L. c.152, §23, states:

> **Release of claims or demands at common law**
>
> ... If an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury.

The statute only specifies that the insured is given a release. There has been no evidence that European Colour paid worker's compensation premiums covering Mr. Custadio to make him the insured. Indeed, European Colour has argued extensively that it is a separate entity from Roma. It should not be allowed to change horses in midstream and now merge its identity with Roma for this issue.

Additionally, the *Muniz* case, cited by European Colour in its original motion, states that, "An injured employee, who is estopped from bringing a cause of action against a subsidiary-employer, may bring a third-party claim against the parent corporation, if the parent is a separate legal entity." 737 F.2d at 147 n.1 (1st Cir. 1984). *See also Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628 (1st Cir. 1990) (corporate parent subject to a tort action where it owned all the stock of the

subsidiary and had assumed responsibility for employee safety, but had a separate legal identity and had not undertaken to pay workers' compensation premium); *Johnson v. Abbe Eng'g*, 749 F.2d 1131 (5th Cir. 1984) (employees of a subsidiary were allowed to sue the parent for negligent inspection of the subsidiary's plant).

European Colour cannot prevail on an argument that it is not qualified to win in the first place. In light of this authority, the worker's compensation exclusivity provision does not apply.

## CONCLUSION

The plaintiff, Gail Custadio, has in good-faith set forth information that, if not sufficient to defeat the defendant's Motion to Dismiss for Lack of Personal Jurisdiction or Summary Judgment, is enough to give her the right to conduct discovery on these issues prior to the dismissal of this action. Custadio requests that the Court deny the defendant's Motion to Dismiss and grant her the relief requested in her original Opposition.

Respectfully submitted,

PLAINTIFF,

By Her Attorneys

SUGARMAN AND SUGARMAN, P.C.

/s/Jodi M. Petrucelli
Neil Sugarman - BBO #484340
Jodi M. Petrucelli - BBO #561911
Eric J. Dinnocenzo - BBO #650819
One Beacon Street
Boston, MA 02108
(617) 542-1000

Dated: July 22, 2005

IMAN 167825v1