**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| GAIL CUSTADIO,<br>Administratrix of the Estate of Stephen Custadio<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>EUROPEAN COLOUR PLC<br><br>　　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　　Civil Action No. 05-CV-10556-JLT<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF EUROPEAN COLOUR PLC

Defendant European Colour plc ("European Colour") responds to the Complaint of Plaintiff Gail Custadio, Administratrix of the Estate of Stephen Custadio ("Custadio") as follows:

　　1.　　European Colour is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Custadio's Complaint and, therefore, denies the same.

　　2.　　European Colour is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Custadio's Complaint and, therefore, denies the same.

　　3.　　European Colour admits the allegations set forth in paragraph 3 of Custadio's Complaint.

　　4.　　European Colour denies the allegations set forth in paragraph 4 of Custadio's Complaint.

BOS1516936.1

5. European Colour admits that Stephen Custadio was working at Roma Color, Inc. in Fall River, Massachusetts on November 20, 2003. European Colour is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of Custadio's Complaint and, therefore, denies the same

6. European Colour admits that on or about November 20, 2003, Stephen Custadio was injured when the materials lift at Roma Color, Inc. fell. European Colour is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of Custadio's Complaint and, therefore, denies the same.

7. European Colour denies the allegations set forth in paragraph 7 of Custadio's Complaint.

8. European Colour denies the allegations set forth in paragraph 8 of Custadio's Complaint.

9. European Colour denies the allegations set forth in paragraph 9 of Custadio's Complaint.

10. European Colour is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Custadio's Complaint and, therefore, denies the same.

**First Cause of Action**

(European Colour specifically repeats and incorporates by reference
paragraphs 1 through 10 of its Answer as though fully set forth herein)

11. European Colour denies the allegations set forth in paragraph 11 of Custadio's Complaint.

## Second Cause of Action

(European Colour specifically repeats and incorporates by reference paragraphs 1 through 11 of its Answer as though fully set forth herein)

12. European Colour denies the allegations set forth in paragraph 12 of Custadio's Complaint.

## Third Cause of Action

(European Colour specifically repeats and incorporates by reference paragraphs 1 through 12 of its Answer as though fully set forth herein)

13. European Colour denies the allegations set forth in paragraph 13 of Custadio's Complaint.

14. European Colour denies that Custadio is entitled to any of the Demands for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by laches.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because this Court has no power to exercise personal jurisdiction over European Colour.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because European Colour owed no duty to provide a safe working environment at Roma Color, Inc.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because European Color owed no duty to Stephen Custadio and/or Plaintiff Gail Custadio.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Custadio's damages, if any, may have been caused by, or were the result of, independent, intervening, and/or superseding forces and or actions or inactions of third parties over whom European Colour had no control or right of control.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Custadio has either suffered no damages or is already being compensated for any damages that she has suffered.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the Massachusetts Worker's Compensation Act as set forth in M.G.L. ch. 152, § 1, *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, or Custadio's damages, if any, are reduced, under the doctrine of comparative negligence as set forth in M.G.L. ch. 231, § 85.

WHEREFORE, European Colour plc respectfully requests that this Court:

1. Enter judgment in favor of European Colour on all counts of the Complaint;

2. Award European Colour its damages, interest, costs, and attorney's fees; and

3. Award European Colour such other relief as this Court deems just.

Respectfully submitted,

EUROPEAN COLOUR PLC

By its attorneys,

 /s/  Gina M. McCreadie
J. William Codinha, BBO No. 087740
Timothy W. Mungovan, BBO No. 600702
Gina M. McCreadie, BBO No. 661107
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Tel:  (617) 345-1000
Fax:  (617) 345-1300

Dated:  August 12, 2005