UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAIL CUSTADIO, ADMINSITRATRIX OF THE ESATE OF STEPHEN CUSTADIO,<br><br>Plaintiff<br><br>v.<br><br>EUROPEAN COLOUR, PLC,<br><br>Defendants | NO. 05-CV-10556-JLT |

## JOINT STATEMENT

The plaintiff and the defendant in the above action suggest the following proposed pretrial schedule:

1. The parties shall complete the initial disclosures required by Fed. R. Civ. P. by October 7, 2005;

2. Service of all written discovery requests no later than November 7, 2006; responses due 60 days after service of each request;

3. Motions for amendments to pleadings or additional joinder of parties filed by February 6, 2006;

4. Completion of non-expert depositions and other factual discovery (medical examinations, site inspections) by November 7, 2006.

**Plaintiff's Statement:** The plaintiff is unable to estimate the number of depositions believed necessary until receipt of further discovery from the defendant. The plaintiff reserves the right to request additional depositions beyond ten in number based on discovered information. The plaintiff also suggests an additional scheduling conference after the completion of non-expert discovery to further review matters.

The plaintiff objects to phased discovery in this case. The court has already denied the defendants motions on the issue of jurisdiction. Further, phased discovery is unlikely to result in a conservation of time or resources but will prejudice the plaintiff by further delaying this matter. Because the plaintiff's jurisdictional argument, in large part, arises out of the defendant's involvement with the events in question, the majority of discovery will be both jurisdictional and substantive.

**Defendant's Statement:** First, defendant believes that fact discovery should be conducted in phases, focusing first on whether defendant is subject to personal jurisdiction in Massachusetts. Although the Court denied Defendant's Motion to Dismiss, the Court did not state its reasons for doing so. Given that plaintiff requested in her opposition the opportunity to conduct some jurisdictional discovery, defendant takes plaintiff at her word and suggests a modified approach to jurisdictional discovery. Defendant recommends that plaintiff be required to establish her case for the court to exercise personal jurisdiction over the defendant by March 31, 2006. The scope of discovery during the first phase shall <u>not</u> be limited to personal jurisdiction issues, but additional discovery served or taken after March 31, 2006 shall not be used to support plaintiff's claim that this court may exercise personal jurisdiction over the defendant. With respect to depositions during the first phase, plaintiff shall be limited to taking and relying on no more than five (5) depositions to establish her case for this court to exercise personal jurisdiction. Notwithstanding this limitation, discovery shall not be stayed in the event that defendant files any further motions to dismiss/for summary judgment on personal jurisdiction grounds and plaintiff may proceed with further depositions.

Second, at this time, the defendant does not believe that any adjustment to the discovery limitations contained in Fed. R. Civ. P. 30(d) and Local Rule 26.1(C) are appropriate.

5. Plaintiff's disclosure of information regarding experts pursuant to Federal Rule of Civil Procedure 26(b)(4)(A) by September 15, 2006, defendant's within 60 days thereafter;

6. If agreed to by all parties, the parties will either (a) participate in outside mediation or (b) request senior judge mediation by January 30, 2007;

7. All expert depositions and discovery completed by February 28, 2007, each party to produce their own experts in Boston at their own expense;

8. Serving of dispositive motions by April 3, 2007, with oppositions served within 21 days;

9. Pretrial conference for hearing on motions for summary judgment by June 1, 2007;

10. The parties have conferred with a view toward settlement and controlling the cost of litigation. The parties will continue to discuss the possibility of mediation or other alternative dispute resolution programs. A trial by a magistrate judge is not agreed to by the parties at this time.

### Additional Scheduling Conference Topics

11. The exchange of electronic information;

12. The location of depositions;

13. The defendant's response to the plaintiff's demand;

14. The production of Roma Colour Documents;

15. A confidentiality agreement / protective order;

16. Plaintiff's production of documents in automatic disclosure.

| By her attorneys, | By its attorneys, |
|---|---|
| SUGARMAN AND SUGARMAN, P.C. | NIXON PEABODY, LLP |
| /s/Jodi M. Petrucelli | /s/Tim W. Mungovan |
| Neil Sugarman | J. William Codinha |
| BBO# 484340 | BBO#087740 |
| nsugarman@sugarman.com | Timothy W. Mungovan |
| Jodi M. Petrucelli | BBO#600702 |
| BBO# 561911 | Gina M. McCreadie |
| jpetrucelli@sugarman.com | BBO#661107 |
| Eric J. Dinnocenzo | 100 Summer Street |
| BBO# 650819 | Boston, MA 02210 |
| edinnocenzo@sugarman.com | 617-345-1000 |
| One Beacon Street | |
| Boston, Massachusetts 02108 | |
| 617-542-1000 | |

Dated: September 26, 2005

171101.1

4