UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAIL CUSTADIO, Administratrix of the Estate of Stephen Custadio,<br><br>        Plaintiff,<br><br>v.<br><br>EUROPEAN COLOUR, PLC,<br><br>        Defendant. | NO. 05-CV-10556-JLT |

## JOINT MOTION FOR APPROVAL AND ENTRY OF STIPULATED PROTECTIVE ORDER

The parties to the above-entitled action hereby jointly move this Court for the approval and entry of the attached Stipulated Protective Order. A space is provided at p. 13 of the Stipulated Protective Order for the Court's endorsement.

| | |
|---|---|
| Respectfully submitted,<br>Plaintiff,<br>By her attorneys, | Respectfully submitted,<br>Defendant,<br>By its attorneys, |
| /s/Jodi M. Petrucelli<br>Neil Sugarman, BBO #484340<br>Jodi M. Petrucelli, BBO #561911<br>Sugarman and Sugarman PC<br>One Beacon Street<br>Boston, MA  02108<br>Tel. 617-542-1000<br>Fax 617-542-1359 | /s/John J. McGivney<br>John J. McGivney, BBO #333510<br>Rubin and Rudman LLP<br>50 Rowes Wharf<br>Boston, MA  02110<br>Tel. 617-330-7000<br>Fax 617-439-9556 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GAIL CUSTADIO,
Administratrix of the Estate of Stephen Custadio,

         Plaintiff

v.

EUROPEAN COLOUR, PLC,

         Defendant

Civil Action No. 05-CV-10556-JLT

## STIPULATED PROTECTIVE ORDER

WHEREAS, in the course of discovery in this action, Plaintiff Gail Custadio, Administratrix of the Estate of Stephen Custadio ("Custadio") or Defendant European Colour plc ("European Colour") may seek disclosure of non-public information which a producing party may regard as a trade secret or other confidential research, development, or commercial information; and

WHEREAS, the parties desire to establish a mechanism to protect the disclosure of such trade secret or other confidential research, development, or commercial information and to restrict its use; and therefore

IT IS HEREBY ORDERED that this Protective Order set forth below shall govern in this action the disclosure of trade secret or other confidential information, development, or commercial information, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and any applicable Local Rules:

I.  **DEFINITIONS**

1.  "Counsel" means and shall be limited to attorneys, including employees and assistants thereof, with the law firms: (i) Rubin and Rudman LLP; and (ii) Sugarman and Sugarman, P.C.

2.  "Party" or "Parties" means the parties to the above-captioned action, including all directors, officers, employees, agents, beneficiaries or representatives of either Party.

3.  "Third Party" means a person or entity that is not a Party.

4.  "CONFIDENTIAL INFORMATION" means all information, which a Party in good faith believes constitutes, contains, reveals, or reflects a trade secret or other confidential research, development, or commercial information that would reasonably be subject to protection under Fed. R. Civ. P. 26(c)(7).

5.  "Producing Party" means any Party that is providing testimony, producing documents and things, or making things and premises available for inspection.

6.  "Receiving Party" means any Party requesting the testimony, or to which documents and things are being produced, or that is inspecting things and premises.

II. **TERMS OF THE ORDER**

1.  <u>Scope of the Protective Order.</u>  This Order shall govern all discovery materials produced or disclosed during this action, including but not limited to the following: documents, things, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, and all other discovery taken pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, matters in evidence and any other information or things, furnished, directly or indirectly, by or on behalf of any Party, including any such Party's predecessors, successors, parents, subsidiaries, divisions, and/or

affiliated companies under the direction of a Party or its owner(s), to the extent that such CONFIDENTIAL INFORMATION is designated "CONFIDENTIAL," in accordance with this Order.

    2.    <u>Use of CONFIDENTIAL INFORMATION.</u>  All CONFIDENTIAL INFORMATION produced, or to be produced, by a Party in connection with this action, shall be used solely for the purpose of prosecuting, defending, and/or settling this action.  Specifically, because European Colour is a publicly-traded company, at no time may Custadio or any attorney, assistant, agent, and/or employee of Sugarman and Sugarman, P.C., including any document processing vendors, or experts or other consultants assisting them in this action, use or disclose to any person or entity such CONFIDENTIAL INFORMATION for the purpose of purchasing, selling, or trading European Colour stock, debt, or related securities unless such information is learned through publicly available means as detailed in paragraph 18 below.  Such restriction does not terminate upon the conclusion of this action, but shall continue until such information, if at all, becomes publicly available.

    3.    <u>Manner of Designating CONFIDENTIAL INFORMATION.</u>

    (a)    The Producing Party shall designate any CONFIDENTIAL INFORMATION contained in physical objects or documents provided pursuant to disclosure obligations under Fed. R. Civ. P. 26 or in response to discovery requests (including but not limited to answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, and the information contained therein) and in documents prepared for filing with the Court, by stamping, marking, or affixing on each page, container, physical representation, or depiction, the legend "CONFIDENTIAL."  The legend shall be stamped or affixed so as not to obscure or deface any portion of the information contained in the document

or material. Where impracticable because of the form of a physical object, the Producing Party shall inform the Receiving Party in writing in advance of or contemporaneously with the production of the physical object of the CONFIDENTIAL designation of the object.

     (b)    All physical objects and documents produced for inspection shall be treated as CONFIDENTIAL INFORMATION by the Receiving Party during the inspection and until the Producing Party provides a copy, container, physical representation, or depiction thereof. Thereafter, the "CONFIDENTIAL" designation shall be applied as described in paragraph 3(a) above.

     (c)    CONFIDENTIAL INFORMATION revealed by the inspection of premises, pursuant to Fed. R. Civ. P. 34(a)(2) (where no documents or things are to be provided thereafter by the Producing Party), shall be designated prior to such inspection by the Producing Party, by stating in writing: (1) that CONFIDENTIAL INFORMATION will be disclosed by the inspection; and (2) specifying in writing those areas of the premises in which its CONFIDENTIAL INFORMATION will be revealed.

     (d)    CONFIDENTIAL INFORMATION revealed at a deposition upon oral examination, pursuant to Fed R. Civ. P. 30, shall be designated by specifying on the record at the deposition that a Party's CONFIDENTIAL INFORMATION is being revealed or by giving written notice to the Parties of the transcript pages containing such CONFIDENTIAL INFORMATION within thirty (30) days of receiving the deposition transcript. All deposition testimony shall be treated as CONFIDENTIAL until the thirty-first day after the Party whose CONFIDENTIAL INFORMATION was revealed receives the transcript. If the designation is made by notice after receipt of the transcript or exhibits, any Party receiving notice of the designation shall mark as "CONFIDENTIAL" the designated portions of the copies of the

transcript or exhibits in its possession, and shall take all reasonable steps to assure that transcripts copied, but no longer in the possession of said Party, likewise are appropriately stamped. If any portion of a videotaped deposition is designated, the videocassette or other videotape or CD-ROM container shall be labeled as CONFIDENTIAL. The use and disclosure of such designated portions shall be governed by the same rules that govern the use or disclosure of information designated "CONFIDENTIAL" as described herein.

(e)     Any Party producing information in this action that reasonably and in good faith believes is appropriately designated as CONFIDENTIAL INFORMATION may (subject to challenge as set forth below) designate such information as "CONFIDENTIAL." The designation of any information as "CONFIDENTIAL" pursuant to this Order shall not constitute an adjudication that such information, in fact, constitutes or contains information protectable under Fed. R. Civ. P. 26(c).

4.      Copies. Should any person or entity who is entitled to access or disclose CONFIDENTIAL INFORMATION, pursuant to this Order, make copies, duplicates, extracts, summaries, descriptions, projections, and/or extrapolations of or from such CONFIDENTIAL INFORMATION, or any portion thereof, the designation shall also be stamped on or affixed to such copies, duplications, extracts, summaries, descriptions, projections, and/or extrapolations, and the references in this Order to CONFIDENTIAL INFORMATION shall be deemed to include and to apply to such copies, duplicates, extracts, summaries, descriptions, projections, and/or extrapolations, and to all information derived from CONFIDENTIAL INFORMATION.

5.      No Admission or Waiver. The designation of CONFIDENTIAL INFORMATION by a Party is intended solely to facilitate compliance with discovery in this action. Treatment under this Order shall not be construed as an admission or agreement by any Party that the

designated information constitutes or contains any CONFIDENTIAL INFORMATION. Inadvertent failure to so designate information shall not constitute a waiver of any claim by a Party that such information is CONFIDENTIAL INFORMATION and the Party shall have a reasonable opportunity to correct such failure after becoming aware of its confidential nature as detailed below.

  6. <u>Inadvertent Production.</u>

    (a) If a Party through inadvertence produces or provides discovery of any CONFIDENTIAL INFORMATION without labeling or marking it "CONFIDENTIAL" or properly designating it as provided herein, the Producing Party may give written notice to the Receiving Party that the document, thing, or other information, response, or testimony should be treated in accordance with the provisions of this Order. The Receiving Party must treat such documents, things, information, responses, and testimony as designated from the date such notice is received. Disclosure of such documents, things, information, responses, and testimony prior to receipt of such notice to persons not authorized to receive such hereunder shall not be deemed a violation of this Order. However, those persons to whom disclosure was made are to be advised that the material must thereafter be treated in accordance with this Order.

  7. <u>Restriction on the Disclosure of Discovery Materials Designated.</u> Discovery materials, including information disclosed under Fed. R. Civ. P. 26, that are designated "CONFIDENTIAL," and the information contained therein, shall not be disclosed to any person or entity except:

    (a) Any Party, including the directors, officers, agents, beneficiaries and employees of such Party;

(b) Counsel for the Receiving Party (including all law firm personnel and document processing vendors assisting them in this action, provided that, if any such personnel or vendors are not employees of Counsel, they first execute the ACKNOWLEDGMENT AGREEMENT, attached as Exhibit A);

(c) Independent experts or consultants retained or otherwise utilized by the Receiving Party, as discussed in paragraph 10, below;

(d) Any person who is or may be a witness at trial or deposition in this action, and counsel for such person;

(e) Court personnel and court reporters; or

(f) Other persons only upon consent of the Producing Party or upon order of the Court. Administrative/clerical staff in categories (a)-(e) above may have access to "CONFIDENTIAL" information to the extent reasonably necessary for such individuals to accomplish their roles.

8. <u>Additional Permissible Disclosure.</u> Nothing in this Order shall prevent a Party from using CONFIDENTIAL INFORMATION at deposition, trial, during a hearing or the like, in this action provided that such information is not disclosed to any person except those permitted access hereunder. Either Party may seek to designate "*in camera*" such portion of the proceedings where confidential information may be used. Documents or things containing CONFIDENTIAL INFORMATION also may be disclosed during a deposition or at trial to: (i) persons listed on the face of the documents as originators, authors or recipients of such documents; (ii) persons otherwise shown to be the originator, author, recipient or such documents; (iii) employees of the Producing Party or their counsel; or (iv) former employees of

7

the Producing Party if the documents or materials being disclosed pertain to matters with which the former employee was involved.

9. <u>Treatment of CONFIDENTIAL INFORMATION.</u>  The recipient of any CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area.

10. <u>Independent Experts and Consultants.</u>  Independent experts or consultants and their staff whose advice and consultation are being or will be used in preparation for and at trial of this case may have access to CONFIDENTIAL INFORMATION pursuant to the procedure set forth below.  Each such expert or consultant shall read this Order and execute an Acknowledgment Agreement in the form attached hereto as Exhibit A prior to obtaining access to any CONFIDENTIAL INFORMATION.  If a Producing Party believes that disclosure of CONFIDENTIAL INFORMATION to the Receiving Party's expert(s) or consultant(s) would injure or prejudice the Producing Party, it may object in writing.  If the Parties cannot resolve a dispute regarding disclosure of CONFIDENTIAL INFORMATION to a designated expert or consultant, the Producing Party may apply to the Court for an order preventing disclosure of CONFIDENTIAL INFORMATION to such person.  Once a Party has filed an objected to disclosure of CONFIDENTIAL INFORMATION to any expert or consultant, the Receiving Party may not disclose such information until the objection has been ruled upon by the Court.

11. <u>Effect on Discovery.</u>  Nothing in this Order shall be deemed to relieve a Party from producing documents or from making timely responses or objections to discovery requests.  Nothing in this Order shall be deemed a waiver of any Party's rights to oppose production of any information, whether or not confidential, upon any proper grounds.  Nothing in this Order shall be construed as a waiver of the right of any Party to object to the admissibility of any evidence on proper grounds.  Nothing contained in this Order shall be construed to require the production or

disclosure of any CONFIDENTIAL INFORMATION deemed by Counsel to be privileged or otherwise immune from discovery, nor shall it be construed to alter the obligations of a Party to provide a privilege log under Rule 26(b)(5) of the Federal Rules of Civil Procedure.

12.   <u>Depositions</u>.  Any Receiving Party or attorney that reasonably believes that he or she will disclose CONFIDENTIAL INFORMATION to a witness in a deposition, other than to: (i) an employee or former employee of the Producing Party; (ii) a person otherwise described in Paragraphs 7 or 8, herein; or (iii) an expert or consultant who has executed an Acknowledgment Agreement (Exhibit A), shall inform counsel for such Producing Party of that fact in advance of any disclosure at the deposition.  Whenever CONFIDENTIAL INFORMATION is to be discussed or disclosed in a deposition, the Producing Party may require the exclusion from the room of any person who is not entitled to receive such information under this Order, except the witness, his or her counsel, the court reporter, and if applicable, the videographer.

13.   <u>Use of CONFIDENTIAL INFORMATION at Hearings.</u>  A Party may refer to CONFIDENTIAL INFORMATION in pretrial conferences before the Court, evidentiary / discovery hearings, and at trial.  The use of CONFIDENTIAL INFORMATION at evidentiary hearings and at trial may be addressed in subsequent orders prior to such hearings and in the final pretrial orders.  Any Party or attorney that reasonably believes that he or she will disclose CONFIDENTIAL INFORMATION in a hearing or any other public proceedings before the Court other than at trial or evidentiary hearings shall so inform the Court and the Producing Party in advance of actual disclosure insofar as possible.  If the Producing Party objects, the Producing Party shall be entitled to ask the Court to decide what precautions, if any, are appropriate to protect the CONFIDENTIAL INFORMATION, including how exhibits marked "CONFIDENTIAL" shall be filed to maintain their confidentiality.  The disclosure of

CONFIDENTIAL INFORMATION at a hearing or trial does not constitute a waiver of or alter the status of the CONFIDENTIAL INFORMATION. Failure of a party to inform a Producing Party of an intention to use CONFIDENTIAL INFORMATION shall not preclude the use of such information.

14. <u>Modification and Additional Protective Orders.</u>  Nothing herein shall prevent either Party from: (i) applying to the Court for a modification of this Order should the moving Party believe that, as originally entered, the Order is impairing its efforts to prepare for trial; (ii) applying to the Court for further or additional protective orders; or (iii) making an agreement with the other Party to modify this Order subject to Court approval.

15. <u>Additional or Alternative Persons Under This Order.</u>  The addition or substitution of persons who shall be permitted access to CONFIDENTIAL INFORMATION in accordance with this Order shall be by Agreement of all Parties or by Order of the Court.

16. <u>Motion for Relief from Designation.</u>  A Receiving Party shall not be obligated to challenge the propriety of any designation of CONFIDENTIAL INFORMATION at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation. If any Receiving Party believes that particular discovery material marked as "CONFIDENTIAL" should not be treated as such, then it may so notify the Producing Party in writing and state the case for that conclusion ("Notice"). Counsel shall confer within five (5) business days of receipt of the Notice in an attempt to resolve any differences with regard thereto. If no resolution is reached within fifteen (15) business days of conferring, counsel for the Producing Party may seek an order of the Court designating particular discovery materials as "CONFIDENTIAL." The material that is the subject of the Motion shall continue to be treated as CONFIDENTIAL INFORMATION under the terms of this Order, pending the Court's ruling.

In connection with any motion concerning the propriety of a "CONFIDENTIAL" designation, the Producing Party shall bear the burden of proof.

17. <u>Filing documents with the Court.</u> To the extent that any Receiving Party intends to file or otherwise submit to the Court any documents and things marked "CONFIDENTIAL," it shall comply with Local Rule 7.2 or any other procedures that this Court may set forth in this action.

18. <u>Exception for Public Information.</u> Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether the same material has been obtained during the course of discovery in the action and whether such documents or information have been designated "CONFIDENTIAL." However, in the event of a dispute regarding such independent acquisition, a person or entity who wishes to use any independently required documents, materials, duplicates, copies, information, or knowledge shall bear the burden of proof to show such independent acquisition.

19. <u>Termination of Action and Survival of Terms.</u>

(a) The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court; provided, however, that this Order, shall not be construed to: (i) prevent any Party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the Producing Party; (ii) apply to information which appears in public records or printed publications or becomes publicly known other than as a result of disclosure by the Receiving Party; or (iii) apply to information that any Party or its attorneys have, after disclosure by the Producing Party, lawfully obtained from a Third Party having the right to disclose such information.

11

(b) The Court retains jurisdiction to enforce the terms of this Order following the final termination of this action.

(c) After final termination of this action, by judgment or otherwise, all documents and information containing CONFIDENTIAL INFORMATION shall be returned within sixty (60) calendar days to the Producing Party along with the copies thereof, or the destruction of the documents and information shall be certified by the Receiving Party in writing to the Producing Party. Notwithstanding the foregoing, upon final termination of this action by entry of a final judgment from which no further appeal has been or can be taken, Counsel may retain one copy or sample of all CONFIDENTIAL INFORMATION and may retain all documents, things, copies, and samples to the extent they include or reflect the Receiving Party's Counsel's work product. With respect to such retained material, this Order shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public by means other than disclosure by the receiving Counsel or any other person authorized to receive such material pursuant to this Order.

(d) After final termination of this action, by judgment or otherwise, the Parties may request from the Clerk of the Court all documents and information containing CONFIDENTIAL INFORMATION and filed under seal within sixty (60) days and the Clerk of the Court shall return such documents upon request. Any such documents or other materials not so requested shall be unsealed and become part of the public record.

(e) Neither the termination of this action nor the termination of employment of any person shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

20.     This Order is without prejudice to the right of any Party to seek relief from the Court upon good cause shown, from any of the provisions contained herein.

**STIPULATED AND AGREED BY THE PARTIES:**

/s/Jodi M. Petrucelli
Neil Sugarman, BBO No. 484340
Jodi M. Petrucelli, BBO No. 561911
SUGARMAN AND SUGARMAN, P.C.
One Beacon Street
Boston, MA 02108
Tel: (617) 542-1000
Fax: (617) 542-1359

Counsel for Plaintiff,
GAIL CUSTADIO, Administratrix of
the Estate of Stephen Custadio

Dated: January 23, 2006

/s/John J. McGivney
John J. McGivney, BBO No. 333510
Christopher D. Welch, BBO No. 547740
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
Tel: (617) 330-7000
Fax: (617) 439-9556

Counsel for Defendant,
EUROPEAN COLOUR PLC

**SO ORDERED:**

_____
Joseph L. Tauro
United States District Judge

Dated: January ___, 2006

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAIL CUSTADIO,<br>Administratrix of the Estate of Stephen Custadio,<br><br>          Plaintiff<br>v.<br><br>EUROPEAN COLOUR, PLC,<br><br>          Defendant | Civil Action No. 05-CV-10556-JLT |

## ACKNOWLEDGMENT AGREEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order which was signed by the Court on _____, 2006 in the above-captioned action, Civil Action No. 05-CV-10556-JLT, and that he/she fully understands and agrees to abide by all of the obligations of the Protective Order.

Dated: _____, 2006

_____
(Signature)

_____
(Print Name)

_____
(Company, if applicable)

Address and Telephone Number:

_____

_____

_____

170941.2