# GIANT LIFT EQUIPMENT MFG. CO., INC.
P.O. BOX 626 . NORTH HAMPTON, N.H. 03862 . (603) 964-5127

FILED
CLERKS OFFICE

2006 MAR 22 A 8:4!

U.S. DISTRICT COURT
DISTRICT OF MASS.

March 21, 2006                                              Overnight


United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210


RE:   Subpoena Case #05-CV-10556-JLT
      Custadio v European Colour PLC


Attn:  Clerk of Courts

I am writing to inform you in regards to the above mentioned case #05-CV-10556-JLT, that we have not been allowed reasonable time to comply with the request to produce the documents. It is unduly burdensome as stated in my letter to the issuing Attorney John McGivney of Rubin and Rudman LLP (copy attached).

Please give us an extension so that we can work with the requesting attorney. Thank you for your attention in this matter.

Sincerely,

James Hennessy
General Manager

encl: Subpoena
      Letter to Attorney McGivney


MFG. OF:

VERTICAL LIFTS . INCLINE LIFTS . DUMBWAITERS . SIDEWALK LIFTS . MORTUARY LIFTS . FREIGHT LIFTS
DUMPERS . DOCK LIFTS . MOBILE CRANES . FORK LIFT MAINTENANCE LIFTS . WHEELCHAIR LIFTS

AO-88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Gail Custadio, Administratrix of the Estate of Stephen Custadio

v.

European Colour plc

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 05-CV-10556-JLT

TO: Keeper of Records
Giant Lift Equipment Mfg. Co., Inc.
185 Lafayette Road/US 1
North Hampton, NH 03862

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Attest: A True Copy [signature] Constable | |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rubin and Rudman LLP, 50 Rowes Wharf, Boston, MA 02110  617-330-7000 | March 23, 2006  11:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule "A."

| PLACE | DATE AND TIME |
|---|---|
| Rubin and Rudman LLP, 50 Rowes Wharf, Boston, MA 02110 | March 23, 2006  11:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant  [signature] John J. McGivney | March 3, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John J. McGivney, Rubin and Rudman LLP, 50 Rowes Wharf, Boston, MA 02110  (617-330-7000)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE "A"

Any and all documents, including but not limited to, correspondence, memoranda, reports, contracts, warranties, estimates, quotations, purchase orders, invoices, e-mails, telephone records, facsimile records and/or receipts within your possession, custody or control, relating in any way to labor or services provided at, parts supplied to, and/or lifts or elevators located at, Roma Color, Inc. and/or E.C. Pigments, in Fall River, Massachusetts, from 1995 to the present.

# GIANT LIFT EQUIPMENT MFG. CO., INC.

P.O. BOX 626 . NORTH HAMPTON, N.H. 03862 . (603)964-5127

March 8, 2006                                     Certified #7003 2260 0001 1701 0558

John J McGivney
Rubin and Rudman LLP
50 Rowes Warf
Boston, MA 02110

RE:  Case #05-CF-10556-JLT

Dear Mr McGivney,

We received your subpoena today in regards to Case #05-CV-10556-JLT.

You are asking for documentation back over eleven years.  What ever documentation I may have is in storage trailers and has been there for over eleven years.  The date and time of March 23, 2006 at 11:00 am is <u>only twelve business days for me to produce such documents</u>.  There is no way I can produce these documents in that short a period of time.

We also will need the serial number of the Vertical Reciprocating Conveyor before anything can be researched.

This task is unduly burdensome even if I had the people to do it.  I do not have the people to take care of this task and of course this would be very costly to produce.  How are we going to be reimbursed for the man hours to search for and produce these documents?

I would need probably 90 business days to comply with your request (at the very least) and who would be paying us for doing this task?

Thank you in advance.

Regards,


Jim Hennessy
General Manager


MFG. OF:

VERTICAL LIFTS . INCLINE LIFTS . DUMBWAITERS . SIDEWALK LIFTS . MORTUARY LIFTS . FREIGHT LIFTS
DUMPERS . DOCK LIFTS . MOBILE CRANES . FORK LIFT MAINTENANCE LIFTS . WHEELCHAIR LIFTS